PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PABLO JIMÉNEZ, Defendant and Appellant.

No. 4602. Argued December 18, 1931.—Decided December 22, 1931.

*Pascasio Fajardo* for appellant. *R. A. Gómez* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Pablo Jiménez was convicted of buying stolen property from a minor under eighteen years of age. That offense is defined by section 438 of the Penal Code.

A policeman testified that the property in question, a watch, had been delivered to him by defendant's wife at defendant's request. When the policeman was asked about his conversation with defendant, an objection was overruled, and counsel for defendant, who had not stated the grounds of his objection, then excepted to the ruling on the ground that defendant had not been warned that his confession might be used against him.

After the witness had testified to the statement made by defendant, counsel for defendant moved to strike this testimony on the ground indicated in the exception already taken. The judge then directed the district attorney to ascertain whether or not the admission made by defendant was voluntary. After some inquiry along this line the court overruled the motion to strike.

During the course of this investigation defendant twice objected to leading questions. The district attorney promptly acquiesced in the first of these two objections and the question objected to was not answered. The overruling of the second was error. The information elicited, however, was merely cumulative and the error complained of is not, without more, a sufficient ground for reversal.

The voluntary character of the confession was clearly established, and the district judge did not err in refusing to order that the testimony of the policeman be stricken from the record.

The error, if any, in overruling the objection first above mentioned was harmless.

An examination of the stenographic record as a whole, in the light of the argument contained in appellant's brief, does not disclose any such manifest error in the weighing of the evidence as to justify a reversal.

The judgment appealed from must be affirmed.